Judge ÜNDERWoor,
delivered the opinion of the court.
Murdock anil others, tiled their bill, claiming to be the heirs of Jane Spencer, who is alleged to be the heir of Capí, William Spencer, for whose services in the war of the revolution, a land warrant issued, authorizing him to appropriate two thousand six hundred and sixty-six and two third acres.
The object of the bill was to compel Grant, who claimed to be the assignee of the warrant to refine ¡¡fish to the complainants, who charged the assignment to be a forgery. Grant answered, denying the alleged heirship of the complainants. He charged, however, that if they were heirs, they must know the fact, that the assignment under which he claimed, was genuine. He calls on the complainants to answer to that point. lie states that he had instituted suit against the unknown heirs of Spencer, for the purpose of obtaining a confirmation of his title, and refers to it. He prays, in the event, that the court should retain this cause, that the complainants may be compelled to relinquish all their claim to him and with that view makes his answer a cross bill. The complainants suffered a non-suit. The court decreed a relinquishment from them to the defendant, and they have prosecuted a writ of error.
Various title papers are spoken of as exhibits by both parties, but none are filed. Grant speaks of the assignment of the warrant to him, as on file in the register’s office. He states, that Capí. Spencer died in 1785 or 6. We are of opinion, that the defendant’s cross bill should have been dismissed, and that there was no ground for a decree in his favor against the complainants.
It is not averred that the complainants had a personal knowledge of the genuineness of the assignment. *255 The averment is, that if they were heirs, then “they must be apprized of the fact, that the assignment was genuine.” Now it seems to us, that no such conclusion follows, if it were conceded that the complainants were the heirs. It is probable, that the heir knows or is acquainted generally with the transfers of the property made by his immediate ancestor, but the presumption arising from the heirship alone, is not sufficient to justify taking an allegation of the kind for confessed. In many cases, the heir may be wholly ignorant, and in the present case, it is hardly probable, that the second generation know, personally, the transactions of a remote ancestor, which, if they be as charged, took place forty years before the commencement of this suit.
Wickliffe and Woolley, for plaintiffs; Denny, for defendants.
Decree reversed with costs, and cause remanded, with directions to dismiss the the cross bill without prejudice.
Noth. Chief Justice Robertson did not sit in this case.